UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-195-JBC

ALICE VICTORIA BRUCKNER,                                            PLAINTIFF,

V.                    MEMORANDUM OPINION AND ORDER

SENTINEL INSURANCE COMPANY, LTD,
d/b/a THE HARTFORD,                                           DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motions of the defendant, Sentinel Insurance Company, LTD, d/b/a The Hartford ("Hartford"), to bifurcate the plaintiff's bad faith and coverage claims (R. 12) and to dismiss the plaintiff's complaint (R. 19). For the following reasons, the motion to bifurcate will be granted, the motion to dismiss will be denied and the court will construe the plaintiff's response as a motion for ordering an appraisal pursuant to the contract.

I.        **Background**

The instant lawsuit arises out of a claim for property damage submitted by the plaintiff, Alice Bruckner, to her insurer. Bruckner owns a residence located at 311 West College Street in Georgetown, Kentucky, which sustained water damage due to a broken pipe on September 29, 2006. She submitted a claim under her homeowner's insurance policy to Hartford, which was denied. Her claims against Hartford are for breach of contract, bad faith, and a declaration of rights.

1

## II. Analysis

### A. Motion to Dismiss

This court has twice granted Bruckner's motions to withdraw counsel. R. 7, 14. On April 7, 2010, Bruckner was given 30 days to have new counsel enter an appearance. The court then granted Bruckner's pro se motion for extension of time until June 26, 2010, to replace counsel. To date, no attorney has filed an appearance to represent Bruckner. Hartford has moved to dismiss for failure to prosecute because she failed to comply with the court's order to find counsel and to prosecute her claims.

The court must consider four factors when deciding whether to dismiss a case for failure to prosecute. *Mulbah v. Detroit Bd. of Educ.* 261 F.3d 586 (2001). These are: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Id*. at 589. While dismissal can be warranted where a plaintiff fails to move the case forward, it is a harsh remedy which should be imposed only where there is a "clear pattern of delay or contumacious conduct." *Little v. Yeutter*, 984 F.2d 160, 162 (1993).

Bruckner's inability to retain counsel does not rise to the level necessary to

grant to the motion to dismiss.  There being no entry of appearance on behalf of Bruckner by any attorney by the court's deadlines, the court simply presumes that Bruckner is proceeding pro se.  Based on the plaintiff's pro se filings, it is clear that she is moving forward to prosecute the case.  While it has been over a year since the case was filed, the plaintiff has taken sufficient affirmative steps to make dismissal improper.  In addition, Hartford's motion to dismiss (R. 19) contains no facts from which the court will infer that it was unduly prejudiced by Bruckner's conduct or that Bruckner has acted rebelliously.  Therefore, dismissal is not appropriate.

**B.    Motion to Bifurcate**

A court may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b); *see also Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007).  In determining whether bifurcation is appropriate, a court should consider several factors, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy."  *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997).

Consideration of these factors weighs in favor of bifurcation.  Bifurcation will best serve the interests of judicial economy because litigation of the underlying claim for coverage might eliminate the need to litigate the bad faith claim.  In order to prevail on a bad faith claim in Kentucky, a plaintiff must prove that: (1) the

3

insurer is obligated to pay the claim under the terms of the policy; (2) the insurer lacks a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). Given that Bruckner's bad faith claim depends on her ability to succeed on her breach of contract claim, bifurcation would best serve the interests of judicial economy. *See Smith v. Allstate*, 403 F.3d 401, 407 (6th Cir. 2005) (affirming bifurcation where the merits of the bad faith claim depended on resolution of the underlying contract claim); *Hoskins v. Allstate Prop. & Cas. Ins. Co.*, No. 06-389, 2006 U.S. Dist. LEXIS 80327, at * 5 (E.D. Ky, Nov. 2, 2006) (citing *Vichare v. AMBAC, Inc.,* 106 F.3d 457, 466 (2d Cir. 1996)). This approach will also simplify the issues for the jury. *See Sanders v. Motorists Mut. Ins. Co.,* No. 08-37, 2008 U.S. Dist. LEXIS 80021, at * 7 (E.D. Ky. 2008) *(*explaining that presenting a contract issue and bad faith issue to the jury "may unfairly bleed the evidence for one into the evidence for the other").

### C. Motion for Ordering an Appraisal Pursuant to the Contract

In Bruckner's response to the motion to dismiss, R. 20, she includes a request for an appraisal pursuant to the contract. As liberal construction is afforded pro se litigants, this court will construe this request as a motion for ordering an appraisal pursuant to the contract. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of

4

their pleadings and filings.")

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (R. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that the claims will be **BIFURCATED** to separate the bad faith and coverage claims (R. 12). Discovery on the bad faith claim is stayed until after resolution of the other claim.

**IT IS FURTHER ORDERED** that the plaintiff's response to the motion to dismiss (R. 20) is construed as a motion for ordering an appraisal pursuant to the contract and shall be so docketed. Response and reply times shall run according to the Local Rules, beginning as of the date of entry of this order.

Signed on February 10, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY